REUBEN DOTY and JOSEPH DOTY, Appellants, v. ALEXANDER SMITH, Respondent.

*Independent entry, in a book of accounts, in favor of the party making it.*

An entry, made by one party to an action against the other party, of a single charge of a certain sum, in an account book, is not within the rule making admissible in evidence an entry upon a merchant's book, but is an independent entry, by a party, of evidence in his own behalf, and, therefore, is incompetent when offered in his behalf.

The admission in evidence of such entry, by a referee, in a case presenting a close question as to defendant's right to succeed, is an error which requires a reversal of a judgment rendered in favor of the party offering it.

APPEAL by the plaintiffs, Reuben Doty and Joseph Doty, from a judgment of the Supreme Court, entered in the office of the clerk of Allegany county November 18, 1892, on the report of a referee.

*William Spargur*, for the appellants.

*Church & Church*, for the respondent.

MACOMBER, J. :

This action was brought upon an open account, and judgment was prayed for the sum of $1,275.58. The defense was a denial, payment, Statute of Limitations and counterclaim, with a prayer for an affirmative judgment for $1,621.41. The referee found a balance due to the plaintiff upon the open account of $123.28, for the value of a wagon, $80, and for the value of land sold by the plaintiffs at the request of the defendant, $73.61, amounting in all to the sum of $276.89.

He also found that the defendant should be credited with the sum of $400, which would leave a balance due to the defendant of $123.11, for which, with interest, judgment was directed.

The only question upon this appeal relates to the proof of the counterclaim of $400. The referee found that between the years 1882 and 1886, the defendant, upon an oral agreement, sold to the plaintiffs all his right, title and interest in a claim which he, the defendant, had to the payment for one-half of the expense in building a partition wall upon his lands and those of one William T. Barnes. In the year 1871, the defendant was preparing to build a brick store upon his lot, and thereupon he and Barnes entered into an oral agreement by which it was agreed that the defendant should erect the northerly wall of his store building on the division line between his lands and those of Barnes, so that one-half of the wall would stand on each lot, and Barnes, when he built on his lot, should pay Smith, the defendant, one-half of the cost. In pursuance of this agreement, Smith built upon the division line a stone cellar wall extending from the front to the rear of his lot, and a brick wall upon the stone cellar wall, and such wall has ever since been used. Barnes made some preparations to build and to use this wall, but did not in fact, use the same during his lifetime. The title of the Barnes lot came into the hands of one A. O. Very, and Mr. Very was preparing to build a brick store upon the lot, but did not do so, but shortly thereafter conveyed the land to one Dr. W. W. Crandall, who erected a store building thereon and used the wall as a party wall, and he is now using the same.

Sometime before this, however, the defendant undertook to recover from the Barnes estate one-half of the expenses of building the wall, but failed in his action solely upon the ground that the

condition upon which he should receive such pay had never been fulfilled, inasmuch as neither Barnes nor his grantees had then erected a building and used the wall. But after the erection of the building and the use of it by Crandall, this claim was made against the plaintiffs. It is claimed, that at the time of making this oral agreement, the plaintiffs applied towards the $400 (which was claimed by the defendant to be the sum agreed upon although somewhat less than one-half the expense of building the wall) a wagon, of the agreed price of ninety dollars, as part payment for the oral transfer of the claim assigned to the plaintiffs against the estate of Barnes. That estate, however, was hopelessly insolvent and was believed by the plaintiffs to be insolvent at the time that the defendant claimed this oral agreement was made.

The proof of the defendant's counterclaim rests upon the testimony of himself and that of his wife, taken upon the previous trial of this action. It is, in its nature, quite fragmentary and inconclusive. The bargain and transfer were denied by the plaintiffs, who claimed that the ninety dollars for the wagon was a part of their original account against the defendant.

The case presented a very close question in regard to the principal fact contended for by the defendant, and was one where it is extremely doubtful if the defendant succeeded in bearing successfully the burden imposed upon him by law, to establish his counterclaim by a preponderance of the evidence. The defendant testified that he charged, at or about the time of the transaction, the plaintiffs with this sum of $400 upon his books. He says he was keeping his own books at the time; that he was unable to find his journal, but found his ledger in which this account appeared. He identified the entry upon the ledger, and said: "This is the charge. This refers to the matter I have been speaking of. This is the identical matter. This charge was made at the time. This charge was copied from my day book." Thereupon counsel offered in evidence the $400 charge against the plaintiffs, as the same appeared on page 27 of the defendant's ledger. This was objected to as incompetent, and the objection overrule and an exception was taken; but the evidence was received.

It is stated in the case that this entry appears on the book under

date December 13, 1881, in this manner : " R. & J. Doty, to Alexander Smith, Dr. $400." It is urged upon our attention by the learned counsel for the respondent, that even though it was error to receive defendant's ledger in evidence, yet that evidence may be disregarded ; for, as he contends, there was abundant other evidence to establish the defendant's case. That this evidence was incompetent admits of no doubt. It was not an entry upon a merchant's book, but was, on the contrary, an independent entry, by a party to the suit, of evidence in his own behalf. Its reception by the referee may have turned, and probably did turn, the scales of his decision in favor of the defendant upon this question of fact. It is such an error, we think, as requires us to reverse the judgment entered upon the report, and to grant a new trial.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from reversed, and new trial granted, with costs to abide the event.